**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THE ART GALLERY OF BILLY JACOBS, LTD.,** | Case No. 1:26-cv-02097 |
| Plaintiff, | Judge Andrea R. Wood |
| v. | |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** | Magistrate Judge Maria Valdez |
| Defendants. | |

## PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO ORDER [33]

Pursuant to the Court's order at [33] (June 4, 2026), as extended by the order at [35] (June 23, 2026, setting a July 20, 2026 deadline), Plaintiff, The Art Gallery of Billy Jacobs, Ltd. ("Plaintiff") submits this Supplemental Brief in further support of its pending motion for entry of default and default judgment [30]. The Court's order directs Plaintiff to address, as to all defaulting Defendants, (1) whether they have been properly served with the complaint and summons, and (2) whether the Court has personal jurisdiction over them, in light of the Seventh Circuit's decisions in *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026), and *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co.*, No. 25-2205, 2026 WL 1502198 (7th Cir. May 29, 2026).

Since the motion at [30] was filed, Plaintiff has voluntarily dismissed the three of the eight Defaulting Defendants: Nos. 4, 8, and 18. ([32] and [36].) Only five Defendants remain in this case: three resident in the People's Republic of China (Defendant Nos. 5, 24, 33) and two resident in the Socialist Republic of Vietnam (Defendant Nos. 12 and 14). Plaintiff answers each question, Defendant by Defendant. This Supplemental Brief shows that both are satisfied for each of the five remaining Defendants.

1

As set out in the accompanying Declaration of Yanling Jiang ("Jiang Decl.") and its Exhibits A–B, Plaintiff performed a per-Defendant investigation: it took the address each platform (Amazon) produced or displayed for the seller, searched that address on independent public resources (a Google web search, Google Maps, and — for the PRC Defendants — Baidu Maps (百度地图) and Amap (高德地图)[1]), and checked each PRC seller against the Tianyancha (天眼查)[2] PRC business registry. For every Defendant the result is the same: the address is not known within the meaning of Article 1 of the Hague Service Convention. The Convention therefore does not apply to the three PRC Defendants, and the e-mail and electronic-publication service this Court already authorized under Rule 4(f)(3) [23] was and is proper. For the two Vietnam Defendants, that service is independently proper on two grounds developed below.

Each Defendant operates an interactive commercial storefront on a U.S.-facing marketplace, offered the infringing goods for sale to Illinois consumers, and completed a sale of an infringing item into Illinois in a pre-suit purchase Plaintiff's investigator documented before filing. That completed Illinois sale — not a mere offer to ship — is what *Liu* requires, and it establishes specific personal jurisdiction under settled Seventh Circuit law.

## II. LEGAL STANDARD

In *Kangol*, the Seventh Circuit held that the Hague Service Convention provides the exclusive means of service where it applies and prohibits e-mail service in China in that circumstance, but that a court must first decide the threshold question whether the Convention

---

[1] Plaintiff has performed Chinese-language map verification for each of the five PRC-resident Defendants on Baidu Maps (百度地图) and Amap (高德地图), the two PRC-native consumer map services with the most authoritative Chinese-language address coverage in the PRC market. Plaintiff does not rest its verification record on Google Maps, which has well-documented coverage gaps for PRC residential and rural addresses; Google Maps results are reported for completeness only. Screenshots of the Baidu and Amap results for each Defendant are collected in Exhibit A and are on file for the Court's inspection.

[2] Tianyancha.com, PRC official registered corporate credit reporting agency under the National SME Development Fund (last visited July 15, 2026).

applies at all. *Kangol*, 2026 WL 1502198, at \*5–\*6. The Convention "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. Where the address is not known, the Convention's exclusivity is never triggered and Rule 4(f)(3) service — including e-mail and electronic publication — remains available in the Court's discretion; where the address is known, the Convention applies and Plaintiff must proceed through it. To show that an address is not known, a plaintiff must make reasonably diligent efforts to ascertain *and* verify it. *NBA Props., Inc. v. Partnerships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), *aff'd sub nom. NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). A "known" address, for Convention purposes, is not merely an address string; it is a real, current location that a diligent search can verify as connected to the person to be served. An address that does not resolve on the maps to the stated unit, and that cannot be tied to an ascertainable registered entity operating the storefront, is not a known address of that Defendant — even where a registrant happens to sit at the same street address but has not been shown to be the seller.

In *Liu*, the Seventh Circuit held that a Schedule A plaintiff must come forward with evidence of an actual completed purchase into Illinois — not merely screenshots of a listing that offers to ship to Illinois — to carry its burden on specific personal jurisdiction. *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026). This Court applied the same completed-contacts discipline in the Schedule A posture in *Davis v. Schedule A Defendants*, No. 1:23-cv-10799 (N.D. Ill. Mar. 31, 2026) (ECF 315) (Wood, J.). An online seller establishes those contacts with Illinois when it operates an interactive storefront through which it stands ready to sell and ship into Illinois, and then actually does so. Because Plaintiff's claims arise under federal law and no federal statute authorizes nationwide service here, the Court's personal jurisdiction is coextensive with that of an

3

Illinois court, which reaches to the limit of federal due process. *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011). Specific personal jurisdiction requires that (1) the defendant purposefully directed its activities at, or availed itself of the privilege of conducting business in, the forum; (2) the plaintiff's claim arises out of or relates to those forum contacts; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 393, 398 (7th Cir. 2020); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A foreign seller satisfies that test when it operates an interactive storefront that stands ready to sell and ship into Illinois and then does so. In *NBA Properties*, the Seventh Circuit held that a foreign Schedule A defendant that operated an Amazon storefront and made a single, completed sale of an accused product into Illinois had purposefully availed itself of the Illinois market and was subject to specific personal jurisdiction; the completed sale, not the mere capacity to ship, was decisive. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 622–25 (7th Cir. 2022); *accord Curry*, 949 F.3d at 400 (completed sales into Illinois through an interactive website establish purposeful availment).

**III. THE DEFAULTING DEFENDANTS WERE PROPERLY SERVED**

Plaintiff took the address each platform produced or displayed for the seller, searched it on a Google web search, Google Maps, and — for the PRC Defendants — Baidu Maps and Amap, and checked each PRC seller against the Tianyancha registry. Jiang Decl. ¶¶ 4–8 & Exs. A–B. For each remaining Defendants the stated unit does not verify as a real location connected to that Defendant, and no registered entity is shown to be the seller. The results for each of the remaining Defendants in the Exhibit A are as follows:

**A. The three PRC Defendants: address not known → Rule 4(f)(3) service proper.**

**Defendant No. 5 — "ZaoYangShiSenBoJianCaiYouXianGongSi" (Amazon): not known (candid disclosure).** The produced address is a Tianjin residential unit (北辰区道与高峰路交口延吉东里小区 3 号楼 1 单元 202 室). Baidu Maps and Amap resolve the 延吉东里 residential community and locate Building 3, but not the stated Unit 1, Room 202; Google Maps returned only region-level matches. Jiang Decl. ¶ 6 & Ex. A. Plaintiff discloses candidly that the storefront romanizes to an active entity, 枣阳市森博建材有限公司 (USCC 91420683MACGNKPU8E; legal rep 张博文), but that entity's registered domicile is in Hubei Province, not the pleaded Tianjin unit — a cross-province mismatch that does not make the Tianjin address "known" as this Defendant's. *Id.* ¶ 8 & Ex. B, No. 5. The address is not known.

**Defendant No. 24— "Lohastation" (Amazon): not known.** The produced address is a Hangzhou office unit (西兴街道江陵路 567[号]2 幢 908 室). The searches resolve the 江陵路 567 号 building to the 新东方国际科技中心 office tower and show the stated Room 908 as the "calculated location" of an unrelated tenant company; the storefront "Lohastation" ties to nothing at the unit. Jiang Decl. ¶ 6 & Ex. A. No matching registered entity appears in Tianyancha. *Id.* ¶ 7 & Ex. B, No. 24. The address is not known.

**Defendant No. 33 — "xianyoudaizhuangmaoyiyouxiangongsi" (Amazon): not known.** The produced address is a rural village address in Xianyou County, Fujian (红星村下元 36 号仙游县龙华镇). The map searches resolved only to 红星村 / 龙华镇 at village/town level and did not locate the stated house 下元 36 号. Jiang Decl. ¶ 6 & Ex. A. Plaintiff discloses candidly that a Tianyancha name search returns a single active entity, 仙游代庄贸易有限公司 (USCC 91350322MADKLJK886; legal rep 戴颖菁), whose registered domicile matches the pleaded

address character-for-character and whose registered name, read as run-together pinyin, matches the storefront. *Id.* ¶ 8 & Ex. B, No. 33. This is the strongest storefront-to-entity link in the matter. Even so, on the present record the address is not verified as "known": the identity link is romanization-based (the platform discloses only the run-together pinyin, not the Chinese-character legal name); the exact address is shared with a co-located individual business (仙游县龙华林明富文具店); and the map prong reached only village level, therefore not further identifiable.

Should the Court nonetheless find this Defendant's address "known" within the meaning of Article 1, Plaintiff requests leave to serve it through Hague Central-Authority service on the registry match.

**B. The two Vietnam Defendants (Nos. 12 and 14): service proper on two independent grounds.**

*Kangol* bars e-mail service into China for one reason: China has objected to Article 10(a) of the Convention. That reason is absent for Vietnam, and it is dispositive here for two independent reasons.

First, address not known. The same ascertain-and-verify diligence was run on the two Vietnam addresses using the applicable public resources (Google web and Google Maps; the PRC mapping services do not apply to a Vietnamese address). "BUI DUC TAM NB" resolves only to the Hiệp Cát commune level, and the stated house 75A does not locate; "ĐỨC 2LAND" resolves only to the Chiềng Lề ward / Sơn La City level, and the stated Tổ 12 does not locate. Jiang Decl. ¶ 9 & Ex. A. Because neither address is known, the Convention does not apply, and Rule 4(f)(3) e-mail service is available in the Court's discretion. *See* Hague art. 1, 20 U.S.T. at 362.

Second, Vietnam does not oppose Article 10(a). Even if either address were treated as known, Vietnam — unlike China — has not objected to service through the postal channel; its accession declaration states that it does not oppose Article 10(a) service sent by registered mail

with acknowledgment of receipt. Vietnam specifically permits Article 10(a) service. *See* Hague Conf. on Priv. Int'l L., *Declaration/Reservation/Notification: Viet Nam*, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited July 13, 2026)[3]; *see also Kev & Cooper Ltd. Liab. Co. v. Sen*, No. 23 C 1316, 2023 WL 12219342, at *3 (N.D. Ill. Nov. 3, 2023) (finding "service by email to an individual in Vietnam does not violate an international agreement"). The fact that drove *Kangol* is therefore absent, and the Convention does not prohibit service into Vietnam through the channels Plaintiff proposes.

Each Vietnam Defendant operates a storefront with a platform-verified e-mail address, which is more reliable notice than an unverified physical address and is "reasonably calculated, under all the circumstances," to apprise the Defendant of the action. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see NBA Props.*, 549 F. Supp. 3d at 797.

Therefore, Plaintiff respectfully requests authorization to serve these two Defendants by e-mail under Rule 4(f)(3), or alternatively, by registered mail under Article 10(a).

## IV. THE COURT HAS PERSONAL JURISDICTION OVER EACH DEFAULTING DEFENDANT

In support of Plaintiff's Motion [30] for entry of default and default judgment, Plaintiff submitted evidence showing each of the remaining Defendants sold at least one infringing product into Illinois. [31-4]. Therefore, each is subject to specific personal jurisdiction in Illinois because each purposefully directed its infringing conduct at the Illinois market and Plaintiff's claims arise directly from that conduct. *Curry*, 949 F.3d at 393, 398; *NBA Props.*, 46 F.4th at 622–25.

Each Defendant operates an interactive commercial storefront on a marketplace that serves Illinois consumers, on which it advertised and offered for sale the accused goods, set prices in U.S.

---

[3] https://case.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1337&disp=resdn (last visited July 20, 2026).

dollars, and represented a willingness to ship into Illinois. Operating such a storefront and standing ready to transact with Illinois consumers is the purposeful availment the due-process test requires. *Curry*, 949 F.3d at 400.

Plaintiff does not rest on the storefronts' capacity to ship. Before filing, Plaintiff's investigator placed and completed a purchase of an accused item from each Defendant's storefront, directed to an Illinois address; those pre-suit test purchases — an actual, completed sale into Illinois for each Defendant, not a mere offer to ship — are documented in the Declaration of Keith A. Vogt [31-3], its accompanying Exhibit 1 [31-4], and Declarations of Shirley A. Trusky [16]; [31-5] filed in support of the pending motion [30]. That completed Illinois sale is precisely the contact *Liu* requires and that *NBA Properties* held sufficient. *Liu*, 170 F.4th 1090; *NBA Props.*, 46 F.4th at 622–25.

Plaintiff's copyright-infringement claims arise directly out of those Illinois sales — the very transactions by which each Defendant delivered an infringing good into the forum. *NBA Props.*, 46 F.4th at 625. And the exercise of jurisdiction is reasonable: a seller that chose to market and sell infringing goods into Illinois through a U.S. marketplace cannot be surprised to answer for that conduct here, and Illinois has a strong interest in providing a forum for infringement injuring an Illinois plaintiff. *Curry*, 949 F.3d at 402. The relatedness among the Defendants for joinder rests on the common features of their infringing listings, not on any shared address. Because each Defendant completed a sale of an accused product into Illinois, the Court has specific personal jurisdiction over each.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for entry of default and default judgment [30]. The Court has specific personal jurisdiction

over each of the five remaining defaulting Defendants (Defendant Nos. 5, 12, 14, 24, 33), and the

Hague Service Convention is inapplicable.

Respectfully submitted,
*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail:  keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***