**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **THE ART GALLERY OF BILLY JACOBS, LTD.,** | Case No. 1:26-cv-02097 |
| Plaintiff, | Judge Andrea R. Wood |
| v. | |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** | Magistrate Judge Maria Valdez |
| Defendants. | |

**DECLARATION OF YANLING JIANG**

I, Yanling Jiang, declare as follows:

1. I am an attorney at JiangIP LLC, of counsel for Plaintiff The Art Gallery of Billy Jacobs, Ltd. ("Plaintiff") in this action. I am admitted to practice law in the States of Illinois and California. I make this Declaration based on my personal knowledge, except where stated on information and belief, and if called to testify I could and would do so competently. The matters below regarding (a) the structure and operation of the People's Republic of China ("PRC") business-registration system, (b) Chinese-character addresses and Chinese-language mapping services, and (c) the platform records of the Defendants rest on the following bases: I was born and raised in the PRC, where I resided for approximately twenty years; I am a native speaker of Mandarin Chinese with full reading proficiency in simplified Chinese characters; I personally reviewed each platform and registry record described below; and I have direct professional familiarity with the PRC entity-registration system and with Chinese-language mapping services (including Baidu Maps and Amap). I make this Declaration

1

in support of Plaintiff's Supplemental Brief filed in response to the Court's orders at [33] and [35].

2. **The operative Defendants.** Three Defendants are resident in the People's Republic of China (Defendant Nos. 5, 24, and 33) and two resident in the Socialist Republic of Vietnam (Defendant Nos. 12 and 14). Each Defendant, its platform, and its platform-disclosed address is set out in Exhibit A.

3. **The Article 1 threshold.** The Hague Service Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15, 1965, 20 U.S.T. 361, 362. My investigation was directed to that threshold question — whether, after reasonably diligent efforts to ascertain and to verify, the address of each Defendant is a real, current location that can be connected to that Defendant.

4. **Address ascertained.** For each Defendant, I began with the address that the platform (Amazon) produced or displayed for that seller. Those addresses are set out verbatim, with an English gloss, in Exhibit A. For the eight PRC Defendants the address is stated in Chinese characters (except Defendant Nos. 12 and 14), whose platform records state the address in English); for the two Vietnam Defendants the address is a Vietnamese commune/ward-level address.

5. **Address searched.** For each Defendant, the stated address was searched on independent, publicly available resources, and a screenshot of each search was captured. For each of the eight PRC Defendants I used four resources — a Google web search, Google Maps, Baidu Maps (百度地图), and Amap (高德地图). For each of the two Vietnam Defendants I used two resources — a Google web search and Google

Maps; the PRC mapping services are inapplicable to a Vietnamese address. The mechanical searching and screen-capture was performed by me or by a research associate working under my direction and supervision; but I personally examined every capture, and I personally read and interpreted the Chinese-language (and, for the Vietnam Defendants, the Vietnamese-language) search results. The captures are collected, by Defendant, in Exhibit A.

6. **Map results.** Reading and interpreting the search results myself, I determined that for none of the ten Defendants did the searches verify the stated address as a real, current location connected to that Defendant. The addresses resolved, at best, only to a street, a residential compound or villa complex, a multi-tenant commercial or office building, or a village or commune — never to the specific stated unit as a place shown to be occupied by the Defendant; several addresses did not resolve at all; and for Defendant Nos. 12 and 14. the PRC mapping services mis-resolved the query to the wrong province. The specific, per-Defendant map findings are set out in Exhibit A and I incorporate them here.

7. **PRC business-registry check.** I personally checked each of the eight PRC Defendants against the Tianyancha (天眼查) PRC business-registry database — searching by storefront name and by the platform-disclosed Chinese address, and running a shared-unit search on any registered domicile that matched a platform address — and I read the Chinese-language registry records myself. The full results, including every entity name, Unified Social Credit Code ("USCC"), legal representative (法定代表人), registration status, and registered address quoted verbatim from the source, are compiled in Exhibit B.

8. **Candid disclosures.** I disclose candidly the following registry results, none of which, in my professional judgment, establishes the stated address as a known, serviceable address connected to the Defendant:

- **No. 5 ("ZaoYangShiSenBoJianCaiYouXianGongSi").** The storefront romanizes to an active ("存续") registered entity, 枣阳市森博建材有限公司 (USCC 91420683MACGNKPU8E; legal representative 张博文), but that entity's registered domicile is in Hubei Province (Xiangyang/Zaoyang), whereas the platform-disclosed address is a residential unit in Tianjin — a cross-province mismatch. The Tianjin address is not shown to be this entity's, and the entity is not shown to be at the Tianjin address.

- **No. 33 ("xianyoudaizhuangmaoyiyouxiangongsi").** A Tianyancha name search returns a single active entity, 仙游代庄贸易有限公司 (USCC 91350322MADKLJK886; legal representative 戴颖菁), whose registered domicile matches the platform-disclosed address character-for-character, and whose registered name, read as run-together pinyin, matches the storefront (xianyou-daizhuang-maoyi-youxian-gongsi). This is the strongest storefront-to-entity link in the matter. I disclose candidly, however, that (a) the link is romanization-based — the platform discloses only the run-together pinyin, not the Chinese-character legal name; (b) a shared-unit search shows a second, co-located individual business at the same address (仙游县龙华林明富文具店, 个体工商户); and (c) the map searches resolved only to village level and did not independently locate the stated house (下元36号). Under the firm's ascertain-and-verify standard — which requires a Chinese-legal-name match and independent map verification of the stated unit — this Defendant's address is not verified as known; the Hague Service Convention is therefore inapplicable under Article 1, and email service under Rule 4(f)(3) is proper. Alternatively, Plaintiff may serve this Defendant through Hague Central-Authority service on the registry match. *See* Ex. B, No. 33.

9. **Vietnam Defendants (Nos. 12 and 14).** The two Vietnam Defendants are resident in the Socialist Republic of Vietnam; the PRC business registry is inapplicable to them, and I did not run it. On the map searches, the address for "BUI DUC TAM NB" resolved only to the Hiệp Cát commune level and the stated house (75A) did not locate; the address for "ĐỨC 2LAND" resolved only to the Chiềng Lề ward / Sơn La City

4

level and the stated "Tổ 12" did not locate. Each storefront is a Vietnamese natural-person or personal-style name. The captures are in Exhibit A.

10. **Conclusion.** As to all five operative Defendants, the address is not known within the meaning of Article 1: the stated unit does not verify on the search resources as a real location connected to the Defendant, and — for the PRC Defendants — no registered entity has been shown to be the seller at the stated address. Where a registrant does sit at the same address (No. 24) or shares the storefront's romanization (No. 5), I have disclosed the fact candidly and explained why it does not, on this record, make the address "known" as this Defendant's. As to No. 33, email service under Rule 4(f)(3) is likewise proper; alternatively, that Defendant may be served through Hague Central-Authority service on the registry match.

11. **Exhibit authentication.** Exhibit A is a true and correct compilation of the Google web, Google Maps, Baidu Maps, and Amap search captures described above (Google web and Google Maps only for the two Vietnam Defendants). Exhibit B is a true and correct compilation of the Tianyancha registry-check results described above, including the registry records for 枣阳市森博建材有限公司 and 仙游代庄贸易有限公司. Both Exhibits were prepared in the course of the investigation I conducted or supervised, and I personally read, interpreted, and reviewed the Chinese-language records they contain.

12. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 20, 2026, at Chicago, Illinois.

/s/ Yanling Jiang

Yanling Jiang

JiangIP LLC

Of counsel for Plaintiff The Art Gallery of Billy Jacobs, Ltd.

6

# EXHIBIT A

# EXHIBIT A
## Per-Defendant Address Investigation
### to the Declaration of Yanling Jiang

**No. 5 — ZaoYangShiSenBoJianCaiYouXianGongSi (Amazon).**

Stated address: 北辰区道与高峰路交口延吉东里小区3号楼1单元202室, 天津市, 天津, 300000, CN (Beichen District, intersection of Dao Rd and Gaofeng Rd, Yanji Dongli residential community, Building 3, Unit 1, Room 202, Tianjin).

Result: exact unit not located; residential community. Google returned only unrelated / region-level results; Google Maps offered partial matches at Beichen District and the 延吉东里 (Yanji Dongli) community (and ambiguously a Yanji in Jilin). Baidu Maps (switched to Tianjin) and Amap resolve to the 延吉东里 residential community in Beichen District and locate Building 3 (3号楼) within it, but not the pleaded Unit 1, Room 202. A residential compound, not the Defendant's premises. Candid note: the romanized storefront "ZaoYangShiSenBoJianCaiYouXianGongSi" reads as 枣阳市森博建材有限公司 (a Zaoyang City / Hubei trade name), whereas the pleaded address is in Tianjin — a facial cross-province discrepancy for the registry pass to resolve.

Registry (Tianyancha): the storefront romanizes to an active Hubei entity 枣阳市森博建材有限公司 (USCC 91420683MACGNKPU8E; legal rep 张博文; 存续), but that company's registered address is in Hubei (Xiangyang), not the pleaded Tianjin residential unit — a cross-province mismatch, so the pleaded address is not known as this Defendant's (see Ex. B, No. 5).



*Def. No. 5 — Google web search*



*Def. No. 5 — Google Maps*



*Def. No. 5 — Baidu Maps*



*Def. No. 5 — Amap*

**No. 12 — BUI DUC TAM NB (Amazon). — VIETNAM.**

Stated address: 75A KINH DUONG, HIEP CAT, NAM SACH, HAI DUONG, 03000, VN (75A Kinh Duong, Hiep Cat, Nam Sach, Hai Duong, Vietnam).

Result: Vietnam address; commune-level only. Google web surfaced a Facebook place "Kinh Dương Hiệp Cát Nam Sách Hải Dương" (a commune-level location) and flagged the house number 75A and postcode as missing; Google Maps returned only partial / commune-level matches (Hiệp Cát; Hải Dương 03000) in northern Vietnam. The storefront "BUI DUC TAM NB" is a Vietnamese natural-person name. No Baidu/Amap search was run (PRC map tools inapplicable to a Vietnam address). The specific house 75A is not located.

Service: The address is not known and Vietnam does not oppose Article 10(a), so the Hague Convention does not prohibit service; email under Rule 4(f)(3) is proper. Alternatively, Plaintiff may serve by registered mail under Article 10(a) (Vietnam postal channel).

Registry: N/A — Vietnam-resident; PRC registry inapplicable.



*Def. No. 12 — Google web search*



*Def. No. 12 — Google Maps*

**No. 14 — ĐỨC 2LAND (Amazon). — VIETNAM.**

Stated address: TO 12, CHIENG LE, THANH PHO SON LA, SON LA, 360000, VN (Tổ 12, Chiềng Lề Ward, Sơn La City, Sơn La Province, Vietnam).

Result: Vietnam address; ward-level only. Google web surfaced a Facebook place "Tổ 12 Phường Chiềng Lề Tp Sơn La" and flagged the postcode as missing; Google Maps resolves only to the Sơn La City / Chiềng Lề ward area at ward/city level, with no specific Tổ 12 house located. The storefront "ĐỨC 2LAND" contains Vietnamese diacritics. No Baidu/Amap search was run (PRC map tools inapplicable to a Vietnam address).

Service: The address is not known and Vietnam does not oppose Article 10(a), so the Hague Convention does not prohibit service; email under Rule 4(f)(3) is proper. Alternatively, Plaintiff may serve by registered mail under Article 10(a) (Vietnam postal channel).

Registry: N/A — Vietnam-resident; PRC registry inapplicable.



*Def. No. 14 — Google web search*



*Def. No. 14 — Google Maps*

**No. 24 — Lohastation (Amazon).**

Stated address: 西兴街道江陵路567好2幢908室, 杭州市, 滨江区, 浙江省, 310000, CN (Xixing Sub-district, Jiangling Rd No. 567 [好 appears to be a typo for 号], Building 2, Room 908, Binjiang District, Hangzhou, Zhejiang).

Result: multi-tenant office building. Google web/Maps and Baidu Maps (switched to Hangzhou) resolve 江陵路567号2幢 to the 新东方国际科技中心 (New Oriental International Sci-Tech Center) office building in Xixing Sub-district, Binjiang; Baidu shows Room 908, Building 2 as the "calculated location" of an unrelated company (杭州少趣科技有限公司 / Hangzhou Shaoqu Technology Co.), one of many tenants; Amap corroborates an office / tech-center cluster along Jiangling Rd. Nothing ties the storefront "Lohastation" to that unit. A multi-tenant office building.

Registry (Tianyancha): no registered entity matching this Defendant was found at the platform address (see Ex. B, No. 24).



*Def. No. 24 — Google web search*



*Def. No. 24 — Google Maps*



*Def. No. 24 — Baidu Maps*



*Def. No. 24 — Amap*

**No. 33 — xianyoudaizhuangmaoyiyouxiangongsi (Amazon).**

Stated address: 红星村下元36号仙游县龙华镇, 莆田市, 福建, 351200, CN (Hongxing Village, Xiayuan No. 36, Longhua Town, Xianyou County, Putian, Fujian).

Result: village-level only. Google and Google Maps resolve to 红星村 (Hongxing Village) / 龙华镇 (Longhua Town), Xianyou County at village / town level and flag "36" as missing; Baidu Maps (switched to Putian) resolves to the 下村/下元 hamlet; Amap lists surrounding rural village addresses. The pleaded house 下元36号 is not located. A rural village.

Registry (Tianyancha): the storefront is the run-together pinyin of the full registered name 仙游代庄 贸易有限公司 (USCC 91350322MADKLJK886; legal rep 戴颖菁; 存续) — an active entity whose registered domicile 福建省仙游县龙华镇红星村下元36号 character-exactly matches the pleaded address and is the only company-name match returned. This is the matter's strongest defendant↔entity

link and its most contestable call, but it stays in the email group under Article 1: the link is romanization-based (the platform discloses only the run-together pinyin, not the Chinese-character legal name), the exact address is shared with a co-located individual business (仙游县龙华林明富文具店), and the map prong resolved only to village level — so the firm's ascertain-and-verify gate (Chinese-legal-name match + map verification of the pleaded unit) is not met. Because the address is not known, email service under Rule 4(f)(3) is proper; alternatively, Plaintiff may serve this Defendant through Hague Central-Authority service on the registry match (see Ex. B, No. 33).



*Def. No. 33 — Google web search*



*Def. No. 33 — Google Maps*



*Def. No. 33 — Baidu Maps*



*Def. No. 33 — Amap*

# EXHIBIT B

# EXHIBIT B

## PRC Corporate-Registry (Tianyancha 天眼查) Search Results

## to the Declaration of Yanling Jiang

**Matter:** The Art Gallery of Billy Jacobs, Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A, No. 1:26-cv-02097 (N.D. Ill.)

**Judge:** Andrea R. Wood

**Date:** 2026-07-15

**Source:** Tianyancha Enterprise Database (天眼查)

**Method:** Dual search per PRC Defendant — (1) storefront name, (2) platform Chinese address — plus a detail pull and a shared-unit search on any domicile hit. The two Vietnam Defendants (Nos. 12 and 14) were not searched (PRC registry inapplicable). Every entity name, USCC, 法定代表人, status, and registered address below is quoted verbatim from the search CSV cited for that Defendant; nothing is inferred. Where a search returned nothing and no CSV was written, the cell reads "(empty result — no CSV)"; a Defendant with no CSV of any kind is recorded as a no-hit.

### Summary Table

| No. | Storefront Name | Platform Address | Name Search Result | Address Search Result | Exact Address Match | Tier | Notes |
|---|---|---|---|---|---|---|---|
| 5 | ZaoYangShiSenBoJianCaiYouXianGongSi | 北辰区道与高峰路交口延吉东里小区3号楼1单元202室天津市天津300000 | 枣阳市森博建材有限公司 (存续, 湖北) — company-name match | (empty result — no CSV) | No | A | Name romanizes to an active **Hubei** entity; pleaded address is **Tianjin** → cross-province mismatch |
| 12 | BUI DUC TAM NB | 75A KINH DUONG, HIEP CAT, NAM SACH, HAI DUONG, 03000, VN | N/A — Vietnam-resident | N/A — Vietnam-resident | N/A | N/A (VN) | PRC registry inapplicable |
| 14 | ĐỨC 2LAND | TO 12, CHIENG LE, THANH PHO SON LA, SON LA, 360000, VN | N/A — Vietnam-resident | N/A — Vietnam-resident | N/A | N/A (VN) | PRC registry inapplicable |
| 24 | Lohastation | 西兴街道江陵路567好2幢908室杭州市滨江区浙江省310000 | No hit (no CSV) | No hit (no CSV) | No | A | — |
| 33 | xianyoudaizhuangmaoyiyouxiangongsi | 红星村下元36号仙游县龙华镇莆田市福建351200 | **仙游代庄贸易有限公司** (存续) — 公司名称拼音匹配 | (empty result — no CSV) | **Yes** (via shared-unit CSV) | A | Storefront = run-together pinyin of the full registered name; active entity at exact address → **held to email; Hague Central-Authority service in the alternative** |

17

**Detailed Findings for Registry-Hit Defendants**

### D5 — ZaoYangShiSenBoJianCaiYouXianGongSi (name match, address mismatch)

**Name-search hit** (d02-tianyancha-search-name.csv):

**Name:** 枣阳市森博建材有限公司 ("Zaoyang Senbo Building Materials Co., Ltd.")

**USCC:** 91420683MACGNKPU8E

**Legal Representative:** 张博文

**Status:** 存续 (active)

**Registered Capital:** 100万人民币

**Established:** 2023-05-16

**Registered Address:** 湖北省襄阳市枣阳市北城北关综合市场108号（住所申报）

**Address search:** (empty result — no CSV)

**Finding:** The storefront romanization corresponds to this active Hubei building-materials company by name, but its registered domicile is in Hubei (Xiangyang / Zaoyang), whereas the pleaded address is a Tianjin residential unit (北辰区…延吉东里小区3号楼1单元202室). There is no exact-address match — a facial cross-province discrepancy. The pleaded Tianjin address is therefore not "known" as this Defendant's registered domicile. **Tier A.**

### D33 — xianyoudaizhuangmaoyiyouxiangongsi (registered entity at exact address; romanization-based link)

**Name-search hit** (d11-tianyancha-search-name.csv; matchType = 公司名称拼音匹配, company-name pinyin match):

**Name:** 仙游代庄贸易有限公司 ("Xianyou Daizhuang Trading Co., Ltd.")

**USCC:** 91350322MADKLJK886

**Legal Representative:** 戴颖菁

**Status:** 存续 (active)

**Registered Capital:** 1万人民币

**Established:** 2024-04-23

**Registered Address:** 福建省仙游县龙华镇红星村下元36号 (character-exact match to platform address 红星村下元36号仙游县龙华镇)

**Address search:** (empty result — no CSV)

**Shared-unit search** (d11-shared-unit-search.csv): **2 entities** at 福建省仙游县龙华镇红星村下元36号 —

1. 仙游代庄贸易有限公司 (存续; 戴颖菁)

2. 仙游县龙华林明富文具店 (存续; 林明富; 个体工商户; USCC 92350322MA8T0AMJ0E)

18

**Finding:** The storefront "xianyoudaizhuangmaoyiyouxiangongsi" is the run-together pinyin of the **entire** registered name 仙游代庄贸易有限公司 (xianyou-daizhuang-maoyi-youxian-gongsi) — an active entity whose registered domicile character-exactly matches the pleaded address, and the **only** company-name match returned (no competing homophone). On the present record the address is not verified as known — the identity link is romanization-based and the map prong reached only village level — so the Convention is inapplicable under Article 1 and email service under Rule 4(f)(3) is proper; alternatively, Plaintiff may serve through Hague Central-Authority service on the registry match → **Tier A (email under Rule 4(f)(3)); Hague Central-Authority service in the alternative.**

**Candid disclosure:** (a) the identity link is romanization-based, not a Chinese-character-for-character storefront match; (b) the exact address is shared with one co-located individual business (仙游县龙华林明富文具店); and (c) the Exhibit A map prong resolved only to village level (house 下元36号 not independently located). Under the firm's stricter three-prong Tier-B gate — exact name match + exact address match + independent map verification — the map prong here reached only village level, so this Defendant's address is not verified as known and email service under Rule 4(f)(3) is proper. Alternatively, Plaintiff may serve through Hague Central-Authority service on the registry match.

19